OPINION
Appellant, John Toddy, appeals the judgment entry of the Ashtabula County Court of Common Pleas, sentencing him for trafficking in drugs in violation of R.C. 2925.03.
In July 1998, appellant was indicted on three counts of aggravated trafficking in drugs in violation of R.C. 2925.03. Each count arose from an incident where a police confidential informant, Grace Brant ("Brant"), purchased hydrocodone from appellant. The purchases occurred on December 23, 1997, January 8, 1998, and January 9, 1998.
Brant was a private citizen who became a volunteer informant for the Conneaut Police Department. Prior to each purchase from appellant, she met with Lieutenant Zimmerman and Detective Moisio, who would search her and her vehicle. During the purchases, Brant would wear a "wire" so that her conversations and movement could be monitored. Upon the conclusion of each transaction, Brant would drive directly to the place designated for her to meet with Lieutenant Zimmerman and Detective Moisio. Once they met, Brant would again be searched and would turn over the drugs.
The facts show that on December 23, 1997, Brant purchased 8.82 grams of hydrocodone (Count Three); 8.02 grams on January 8, 1998 (Count Two); and 6.41 grams on January 9, 1998 (Count One). Appellant was charged with aggravated trafficking in drugs because the purchases were considered at the time of the charge as involving the purchase of a schedule II controlled substance. However, during the course of the jury trial, appellee, the state of Ohio, was informed that the purchases should have been classified as a schedule III transaction because the hydrocodone had been sold in pill, not powder, form. Therefore, appellee moved, and was permitted, to amend the charges to conform to the evidence. As a result, appellant was charged with trafficking in drugs, in violation of R.C.2925.03, instead of aggravated trafficking in drugs. In turn, this meant that each offense against appellant now constituted a fifth degree felony, not a fourth degree felony. Appellant objected to the amendment and moved for a dismissal, but this motion was overruled.
At the conclusion of the trial, the jury found appellant guilty of Counts One and Three, but not guilty on Count Two. In its subsequent judgment entry, the trial court sentenced appellant to a term of incarceration consisting of twelve months on each of the two remaining counts. The court further ordered that the sentences be served concurrently. Additionally, appellant's driver's license was suspended for six months. In imposing this sentence, the trial court acted as if appellant had been found guilty of fourth degree felonies.
The trial court's sentencing judgment was rendered on August 13, 1999. Twelve days later, appellant filed his notice of appeal to this court. On August 31, 1999, the trial court issued a second judgment in which it attempted to vacate its earlier judgment on the basis that it had erred in sentencing appellant.
On October 14, 1999, the trial court held an additional hearing on the sentencing issue. At that proceeding, the trial court admitted that it had sentenced appellant as if he had been convicted of two counts of aggravating trafficking, i.e., two fourth degree offenses, instead of two counts of trafficking in drugs. Accordingly, the court orally re-sentenced appellant to eleven months of incarceration on each of the two counts, to run concurrently, and ordered his license to be suspended for six months. The record before this court does not indicate whether this new sentence was ever memorialized in a new judgment entry.
In now appealing his conviction, appellant has assigned the following as error:
 "[1.] The trial court erred when it denied defendant/appellant's motion for acquittal pursuant to Crim.R. 29, since there was insufficient evidence to support a conviction; therefore, [appellant's] conviction was obtained in violation of his constitutional rights to a fair trial and due process under the Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution, and Article 1, Section 10 of the Ohio Constitution.
 "[2.] The verdict was against the manifest weight of the evidence and must be reversed."
As a preliminary matter, this court would note that the merits of the trial court's judgment of August 13, 1999, is properly before us in the context of this appeal. Although the record shows that the trial court tried to vacate the judgment at issue, the vacation judgment was entered after appellant had filed his appeal to this court. Thus, the trial court did not have jurisdiction to vacate the August 13 judgment, and any action the trial court took in attempting to impose a new sentence was null and void.
Under his first assignment, appellant has advanced two separate arguments for our consideration. First, he asserts that the charges against him should have been dismissed because the state was improperly allowed to amend the indictment at the conclusion of the case. Second, he argues that the evidence was insufficient to sustain his conviction under R.C. 2925.03 because the state failed to present any evidence as to whether the controlled substance he allegedly sold was a schedule III drug.
Appellant's first argument is predicated on the following facts. In the indictment, appellant was charged with three counts of aggravated trafficking in drugs under R.C. 2925.03. Appellant was charged in this manner because, before the trial started, the state believed that the hydrocodone pills involved in the drug transaction were classified as a schedule II drug, the sale of which is considered a fourth degree felony. At the close of the evidence, though, the state informed the trial court that it had learned from a drug expert that hydrocodone pills were actually classified as a schedule III drug, the sale of which was only a fifth degree felony. Based on this information, the trial court allowed the state to amend the indictment over appellant's objection.
Crim.R. 7(D) governs the amendment of an indictment during a criminal action. This rule states that an amendment can be made at any time during the trial to correct a defect or omission in an indictment, so long as the amendment does not alter the name or identity of the charged offense.
In applying Crim.R. 7(D), the Supreme Court of Ohio has held that the rule can be employed to insert an omitted element into an indictment when that document does not state all essential elements of the charged offense. In State v. O'Brien (1987), 30 Ohio St.3d 122, 125-126, the court held that this type of amendment is permissible if the name or identity of the offense is not altered and the defendant was not misled or harmed by the omission of the element.
As appellant aptly notes, the Supreme Court has expressly held that the foregoing general rule does not apply when an indictment under R.C.2925.03
does not indicate which controlled substance the defendant was attempting to sell. In State v. Headley (1983), 6 Ohio St.3d 475, the indictment alleged that the defendant had tried to obtain possession of a "controlled substance" for the purpose of selling it. Prior to the trial in the case, the defendant moved to dismiss the indictment because it did not state an element of the crime. The trial court denied the defendant's motion and then allowed the state to amend the indictment to provide that the controlled substance had been cocaine.
In holding that the motion to dismiss should have been granted, the Supreme Court began its analysis by noting that, under R.C. 2925.03, the severity of the "trafficking" offense will depend upon the specific type of drug a defendant was attempting to sell. Based upon this, the court concluded that an indictment is insufficient if it does not refer to the exact type of drug:
 "Under this analysis, it is evident that R.C. 2925.03
sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved. As such, the type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged." Id. at 479.
 Although appellant argues otherwise, this court concludes that the Headley holding is not controlling in this particular instance. The indictment at issue in this action did state what specific controlled substance appellant had allegedly sold: i.e., hydrocodone. Moreover, this aspect of the indictment was not altered when the state moved to amend at the end of the trial; instead, only the "schedule" of the drug was changed. Thus, the issue before this court is whether the schedule of a controlled substance is an element of the offense of trafficking in drugs.
As a general proposition, it has been held that the issue of whether a specific drug is a controlled substance under R.C. 2925.03 and 3719.44 is a question of law which must be decided by the trial court. State v.Reed (1983), 14 Ohio App.3d 63, 68. It has also been held that a trial court can take judicial notice of the schedule classification within which a particular controlled substance has been designated. Id.; Statev. Duncan (May 13, 1986), Montgomery App. No. 9250, unreported, at 6, 1986 WL 5794. From this, it logically follows that the schedule of a drug is not a factual matter to be decided by the jury. Rather, the role of the jury is limited to determining the specific identity of the drug which the defendant tried to sell.
In turn, it further follows that the schedule of a particular drug is not an element of the offense of trafficking or aggravated trafficking. Instead, the schedule is simply a factor which the trial court must consider in imposing the defendant's sentence in the matter.
Appellant emphasizes that, as a result of the amendment changing the schedule of the hydrocodone, the name of the offense against him was modified from aggravated trafficking in drugs to mere trafficking. As to this point, this court would indicate that, despite the technical change in the designation of the offense, all of the elements of the amended charges against appellant were identical to the elements of the original counts. Therefore, this is not a situation in which the defendant did not receive proper notice of the exact nature of the charged offenses. Under these circumstances, we conclude that the amendment of the indictment against appellant did not alter the "identity" of the charged offense because the change in the schedule of the hydrocodone would not alter the manner in which appellant would defend the case.
Appellant further emphasizes that the amendment of the schedule had the effect of changing the severity of the offense from a fourth degree felony to a fifth degree felony. While we would agree that the fact that the amendment did not alter the degree of the charged offense was one factor cited by the O'Brien court in support of its holding that the addition of an essential element was permissible under Crim.R. 7(D), this court does not interpret O'Brien to mean that any amendment which alters the degree of an offense is automatically impermissible under Crim.R. 7(D). In considering the propriety of an amendment which changed both the technical name of the offense and its degree, the Eighth Appellate District recently held that such an amendment was permissible because the elements of the charged offense remained the same. Maple Heights v.Brown (July 27, 2000), Cuyahoga App. No. 76731, unreported, 2000 WL 1038187. The logic supporting this holding is that, regardless of any change in the degree of the charged offense, the "identity" of the offense cannot be said to have been altered when the elements are the same.
Finally, it should be noted that appellant was not misled or prejudiced as a result of the amendment of the schedule. As appellant was given proper notice of the offense against him, it cannot be said that appellant's trial strategy would have been different if the amendment to the schedule had been made prior to trial.
Pursuant to the foregoing analysis, this court holds that the trial court did not err in granting the state's motion to amend the indictment. Accordingly, the first argument in appellant's first assignment lacks merit.
In his second argument, appellant contends that there was insufficient evidence for him to be convicted because the type of controlled substance involved is an essential element of the offense charged and the jury was only informed that the drug purchased in each of the three transactions was hydrocodone and not its schedule classification.
As to this argument, this court would again state that the schedule of a controlled substance is not an element of trafficking in drugs under R.C. 2925.03. Furthermore, our review of the trial transcript shows that the state presented considerable establishing that the controlled substance involved in the three transactions was hydrocodone. Thus, as both of appellant's arguments lack merit, his first assignment of error is not well-founded.
In the second assignment of error, appellant avers that the verdict was against the manifest weight of the evidence and must be reversed since Brant, the informant, was a paid informant and had used drugs in the past; the tape recordings of the transactions only amounted to casual conversation; and the voice on the tape was never properly identified as appellant's.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, this court discussed the standards to be applied in addressing issues involving manifest weight:
 "On the other hand, `manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' * * *" (Citations omitted and Emphasis sic.) Id. at 11.
 Even assuming, arguendo, that the tape recordings were not properly authenticated or that they only included casual conversation, the drugs received by the police upon the completion of the drug transaction between Brant and appellant, coupled with Brant's testimony concerning the transactions, demonstrates that the jury did not clearly lose its way in deciding that appellant was guilty.
As stated by this court in Schlee, the credibility of the testimony offered by Brant is within the exclusive province of the trier of fact. Here, the jury, as trier of fact, could reasonably conclude that Brant's testimony was believable, especially in light of the fact that she made one hundred five controlled drug purchases for the Conneaut Police Department from approximately twenty-five people; served as an informant for six or seven months; made only approximately $20 per buy; volunteered her services to the police department as a concerned citizen; did not have any criminal charges against her during her time as an informant; and admitted to having stopped using drugs, except in one purchase as an informant in 1983.
These facts, coupled with the police officers' obtaining of drugs after the transaction, do not show that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thus, appellant's second assignment of error is meritless.
For the foregoing reasons, this court holds that appellant's assignments of error are not well-taken. Nevertheless, this court is constrained to note again that, in sentencing appellant, the trial court treated him as if he had been convicted of two fourth degree felonies. This action on the part of the trial court constituted plain error because the record shows that appellant was convicted of two counts of trafficking in drugs, a fifth degree felony. Although the trial court tried to correct this error, it could not do so because jurisdiction over this case had already been transferred to this court.
Thus, the judgment of the trial court is affirmed as to appellant's first and second assignments. However, the judgment is reversed in part, and the case is remanded to the trial court for the purpose of resentencing consistent with the foregoing discussion. Specifically, upon remand, the trial court shall vacate its judgment entry of August 13, 1999, and then resentence appellant on the two fifth-degree felony offenses of trafficking in drugs.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., dissents with Dissenting Opinion,
O'NEILL, J., concurs.